UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LESTER KING,

                Plaintiff,                Case No. 1:13-cv-406

v.                                                Honorable Robert Holmes Bell

UNKNOWN CZOP et al.,

                Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's due process claims for failure to state a claim. The Court will serve Plaintiff's Eighth Amendment claims on Defendants LeBarrge, Czop and Correctional Medical Services, Inc.

**Discussion**

      I.        Factual allegations

Plaintiff presently is incarcerated at the Gus Harrison Correctional Facility but complains of events that occurred at the Ionia Maximum Correctional Facility (ICF). In his *pro se* complaint, he sues Dr. Unknown Czop, Health Service Manager Jodie LeBarrge and Correctional Medical Services, Inc.

Plaintiff suffers from sleep apnea.[1] He states that he needs a C/Pap machine[2] readily available to help regulate his sleep apnea. On June 24, 2010, Plaintiff was transferred to ICF. He complains that the transferring officers broke his C/Pap machine. On June 29, 2010, Plaintiff states that he wrongly received a major misconduct ticket for the destruction of his C/Pap machine. He was ultimately found guilty of that major misconduct ticket.

On June 28, July 5 and July 12, 2010, Plaintiff submitted medical kites to ICF Health Service personnel for another C/Pap machine but was denied each time. On July 9, 2010, Plaintiff was interviewed by ICF Health Service Supervisor Brian Deene[3] for his Step I grievance. Deene noted that Plaintiff had an upcoming appointment with Defendant Czop. During Plaintiff's appointment with Defendant Czop, Czop stated "I cannot provide you, nor order you another C/Pap machine. In my opinion, you do not need one, just sleep a lot when you feel tired. Also, Prison Medical [S]ervices, my boss, no long honor[s] nor treat[s] [s]leep apnea and has not provided C/Pap

---

[1] Sleep apnea is a sleep disorder in which breathing repeatedly stops and starts. *See* the Mayo Clinic's website at http://www.mayoclinic.com/health/sleep-apnea/DS00148 (visited August 7, 2013).

[2] C/Pap is an acronym for "continuous positive airway pressure" used to treat sleep apnea. *See* the Mayo Clinic's website at http://www.mayoclinic.com/health/sleep-apnea/SL00017 (visited August 7, 2013).

[3] ICF Health Service Supervisor Brian Deene is not listed as a Defendant in Plaintiff's action.

machines to inmates since April of 2009. . . . ." (Compl., docket #1, Page ID#4.) Plaintiff has not received a C/Pap machine since June 24, 2010.

Reading Plaintiff's complaint liberally, he appears to allege that he was denied his due process rights when the transferring officers broke his C/Pap machine and when he was issued a major misconduct ticket for the destruction of state property. *See Haines*, 404 U.S. at 520. He also claims that Defendants violated his Eighth Amendment rights by denying him a C/Pap machine.

Plaintiff requests monetary damages and injunctive relief.

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the

pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. *Parratt* Doctrine

Plaintiff complains that the officers transferring him to ICF broke his C/Pap machine. However, Plaintiff does not list those officers as Defendants in his action. Even if he did, Plaintiff's claim regarding the loss of his property would be barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of state officials, he must plead and prove the inadequacy of state post-

deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective July 9, 2012). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; Policy Directive, 04.07.112, ¶ B. Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property. Accordingly, Plaintiff's due process claim will be dismissed.

B. **Major Misconduct**

Plaintiff complains that he was wrongly charged with "destruction of state [p]roperty (the C/Pap machine) over ten dollars ($10.00)." (Compl., docket #1, Page ID#4.) To the extent that Plaintiff claims that a false misconduct charge was filed against him, he fails to state a due process claim. A prisoner's ability to challenge a prison misconduct conviction depends on whether the

convictions implicated any liberty interest. In the seminal case in this area, *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that prison officials must follow before depriving a prisoner of good-time credits on account of alleged misbehavior. The *Wolff* Court did not create a free-floating right to process that attaches to all prison disciplinary proceedings; rather the right to process arises only when the prisoner faces a loss of liberty, in the form of a longer prison sentence caused by forfeiture of good-time credits:

> It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison. But here the State itself has not only provided a statutory right to good time but also specifies that it is to be forfeited only for serious misbehavior. Nebraska may have the authority to create, or not, a right to a shortened prison sentence through the accumulation of credits for good behavior, and it is true that the Due Process Clause does not require a hearing "in every conceivable case of government impairment of private interest." But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.

*Wolff*, 418 U.S. at 557 (citations omitted).

Plaintiff does not allege that his major misconduct conviction resulted in any loss of good-time credits, nor could he. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[4] for prisoners convicted for crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. 481 F.3d at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a

---

[4]For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS § 800.33(5).

misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord, Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at *4 (E.D. Mich. Nov. 24, 2010) (Report & Recommendation) (holding that "plaintiff's disciplinary hearing and major misconduct sanction does not implicate the Fourteenth Amendment Due Process Clause"), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). In the absence of a demonstrated liberty interest, Plaintiff has no due-process claim based on the loss of disciplinary credits. *See Bell v. Anderson*, 301 F. App'x 459, 461-62 (6th Cir. 2008).

Even in the absence of a protectible liberty interest in disciplinary credits, Plaintiff may nevertheless be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). Unless a prison misconduct conviction results in an extension of the duration of a prisoner's sentence or some other atypical hardship, a due-process claim fails. *Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004). Plaintiff has not identified any significant deprivation arising from his conviction, and, thus, his due process claim fails.

Moreover, even if Plaintiff had a due-process interest in not being falsely charged with a misconduct, the Sixth Circuit recently has held that a prisoner's claim that he was falsely accused of a major misconduct is barred where there has been a finding of guilt in a misconduct hearing. *See Peterson v. Johnson*, 714 F.3d 905, 917 (6th Cir. 2013). Plaintiff acknowledges that he was convicted of the misconduct ticket. As a consequence, Plaintiff may not bring a claim challenging the validity of the misconduct charge.

For all of these reasons, Plaintiff's due process allegations regarding his misconduct conviction fail to state a claim.

C. **Service**

Plaintiff's Eighth Amendment allegations are sufficient to warrant service of his complaint on Defendants LeBarrge, Czop and Correctional Medical Services, Inc.

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's due process claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve Plaintiff's Eighth Amendment claims against Defendants LeBarrge, Czop and Correctional Medical Services, Inc.

An Order consistent with this Opinion will be entered.


Dated:  August 20, 2013                                    /s/ Robert Holmes Bell
                                                           ROBERT HOLMES BELL
                                                           UNITED STATES DISTRICT JUDGE