UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LESTER KING, #223983,

       Plaintiff,

                                        Case No. 1:13-CV-406

v.

                                        HON. ROBERT HOLMES BELL

RICHARD CZOP, et al.,

       Defendants.

_____/

**ORDER APPROVING AND ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On December 12, 2014, United States Magistrate Judge Phillip J. Green issued a report and recommendation ("R&R") recommending that Defendant LeBarre's motion for summary judgment (ECF No. 15) be granted, that all claims against LeBarre be dismissed without prejudice, that Defendants Corizon and Czop's motion for summary judgment (ECF No. 24) be granted, and that judgment be entered in their favor on all claims.  (R&R, ECF No. 36.)  After receiving an extension of time for filing objections, (ECF No. 40), Plaintiff filed objections to the R&R on January 16, 2015.  (ECF No. 41.)

This Court is required to make a de novo determination of those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of

contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Plaintiff has raised three objections. First, he objects to the determination that he failed to exhaust his administrative remedies as to Defendant Judy LeBarre. Plaintiff contends that the MDOC procedure on grievances does not require naming specific officials at any step of the grievance process. Plaintiff is mistaken. The grievance procedure specifically requires an inmate to name the officials being grieved. Policy Directive 03.02.130(R) ("Dates, times, places, and names of all those involved in the issue being grieved are to be included."); *see also Sullivan v. Kasajaru*, 316 F.App'x 469, 470 (6th Cir. 2009) (affirming dismissal for failure to exhaust for failing to name a defendant in a grievance). Because Plaintiff failed to name Defendant LeBarre in his grievance, the recommendation that his claims against Defendant LeBarre be dismissed without prejudice for failure to exhaust administrative remedies is correct.

Plaintiff's second objection is to the recommendation that Defendant Czop be granted summary judgment on Plaintiff's Eighth Amendment claim. On de novo review, the Court finds, for the reasons stated in the R&R, that Plaintiff has not presented evidence sufficient to support the objective or subjective components of his Eight Amendment claim for deliberate indifference to serious medical needs.

2

Plaintiff's third objection is to the recommendation that Defendant Corizon, Inc., be granted summary judgment.  On de novo review, the Court finds, for the reasons stated in the R&R, that Plaintiff has not presented evidence of a custom or policy sufficient to establish entitlement to relief against the corporate defendant.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the December 12, 2014, R&R (ECF No. 41) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the December 12, 2014, R&R (ECF No. 36) is **APPROVED AND ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant LeBarre's motion for summary judgment (ECF No. 15) is **GRANTED**, and all claims against Defendant LeBarre are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants Corizon and Czop's motion for summary judgment (ECF No. 24) is **GRANTED**.

Dated: March 30, 2015                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE